|   |   |
|---|---|
| 1 |   |
| 2 |   |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| RODERICK HIMES | Case No.: 19cv2216-JAH (MSB) |
|---|---|
| Plaintiff, | **ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO DISMISS [DOC NO. 14]** |
| v. |  |
| FABRICE HADJADJ |  |
| Defendant. |  |

For the reasons set forth below, this Court **ADOPTS** the Report and Recommendations [Doc. No. 14] ("Report"). Defendant's Motion to Dismiss [Doc. No. 11] ("Motion") is hereby **GRANTED** with leave to amend.

## BACKGROUND

On November 21, 2019, Plaintiff Roderick Himes, a state prisoner proceeding *pro se* and in forma pauperis ("Plaintiff"), filed a civil rights Complaint against Defendant Fabrice Hadjadj, Jewish Chaplain at Richard J. Donovan Correctional Facility ("Defendant"), alleging Defendant removed him from the inmate Kosher Diet Program ("KDP"), violating his First Amendment right to free exercise his Jewish Religion. Plaintiff additionally alleged, without establishing a separate cause of action, that Defendant denied him due process under the Fourteenth Amendment when he failed to provide him with documentation as to his removal from KDP or adequate opportunities to contest such

removal. *See* Doc. No. 1.

Plaintiff also filed a motion for leave to proceed *in forma pauperis* ("IFP") on November 21, 2019, pursuant to 28 U.S.C. § 1915(a). *See* Doc. No. 2. On January 3, 2020, the Court granted Plaintiff's IFP motion and issued summons. *See* Doc. Nos. 6, 7.

On March 27, 2020, Defendant filed the instant motion to dismiss, contending that Plaintiff does not, and cannot, state any cognizable claims because (1) Plaintiff's Complaint fails to state a claim against Chaplain Hadjadj, because Chaplain Hadjadj had not engaged in any of the conduct that violated Plaintiff's First and Fourteenth Amendment rights; and (2) Chaplain Hadjadj is entitled to qualified immunity. *See* Doc. No. 8.

Plaintiff filed an opposition on April 22, 2020, where he coincidently agreed with Defendant, that Defendant was not specifically involved in the actions alleged as constitutional violations toward Plaintiff. *See* Doc. No. 11. Subsequently, Defendant filed his reply brief on May 15, 2020, reiterating his request for dismissal. This Court Agrees.

On August 10, 2020 pursuant to 28 U.S.C. § 636(b)(1), Magistrate Judge Michael S. Berg, submitted a Report and Recommendation ("Report") to this Court recommending that Plaintiff's Complaint be dismissed with leave to amend for failure to state cognizable claims. *See* Doc. No. 14. Pursuant to Fed. R. Civ. P. 72(b)(2), objections to the Report were due no later than August 24, 2020. No objections were timely filed. Accordingly, for the reasons set forth below, this Court **ADOPTS** the Magistrate Judge Berg's Report in its entirety, and **DISMISSES** Plaintiff's Complaint with leave to amend.

## DISCUSSION

The district court's role in reviewing a magistrate judge's report and recommendation is set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). When a party objects to the magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b)(3).

When no objections are filed, the district court is not required to conduct a de novo review of the magistrate judge's report and recommendation. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005) (stating that "*de novo* review of a [magistrate judge's report and recommendation] is only required when an objection is made"); *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that 28 U.S.C. § 636(b)(1)(c) "makes it clear that the district judge must review the magistrate judge's findings and recommendations *de novo* if objection is made, but not otherwise"). This rule of law is well established within the Ninth Circuit and this district. *See Hasan v. Cates*, No. 11–cv–1416, 2011 WL 2470495 (S.D. Cal. June 22, 2011) (Whelan, T.) (adopting in its entirety, and without review, a report and recommendation because neither party filed objections to the report despite having the opportunity to do so); *accord Ziemann v. Cash*, No. 11–cv–2496, 2012 WL 5954657 (S.D. Cal. Nov. 26, 2012) (Benitez, R.); *Rinaldi v. Poulos*, No. 08–cv–1637, 2010 WL 4117471 (S.D. Cal. Oct. 18, 2010) (Lorenz, J.).

Here, the record reflects that no party filed objections to the Report. Thus, in the absence of any objections, the Court **ADOPTS** the Report. For the reasons stated in the Report, which are incorporated herein by reference, Defendant's motion to dismiss, [Doc. No. 11], is **GRANTED**, and the Complaint is **DISMISSED** with leave to amend. The Clerk of Court shall enter judgment reflecting the foregoing.

**IT IS SO ORDERED**.

DATED: March 5, 2021

_____
JOHN A. HOUSTON
United States District Judge